## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE FACEBOOK, INC. IPO SECURITIES AND DERIVATIVE LITIGATION | MDL No. 1:12-md-02389-CM-GWG |
| | This document relates to the Consolidated Securities Action: |

| | |
|---|---|
| No. 12-cv-4081 | No. 12-cv-4763 |
| No. 12-cv-4099 | No. 12-cv-4777 |
| No. 12-cv-4131 | No. 12-cv-5511 |
| No. 12-cv-4150 | No. 12-cv-7542 |
| No. 12-cv-4157 | No. 12-cv-7543 |
| No. 12-cv-4184 | No. 12-cv-7544 |
| No. 12-cv-4194 | No. 12-cv-7545 |
| No. 12-cv-4215 | No. 12-cv-7546 |
| No. 12-cv-4252 | No. 12-cv-7547 |
| No. 12-cv-4291 | No. 12-cv-7548 |
| No. 12-cv-4312 | No. 12-cv-7550 |
| No. 12-cv-4332 | No. 12-cv-7551 |
| No. 12-cv-4360 | No. 12-cv-7552 |
| No. 12-cv-4362 | No. 12-cv-7586 |
| No. 12-cv-4551 | No. 12-cv-7587 |
| No. 12-cv-4648 | |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/2021

## [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

Lead Plaintiffs moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned securities class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan and the Declaration of Adam D. Walter in Support of Lead Plaintiffs' Motion for Approval of Distribution Plan (the "Walter Declaration"),

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated February 26, 2018 (ECF No. 571-1) (the "Stipulation") and the Walter Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation or in the Walter Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Lead Plaintiffs' plan for the distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), to accept the Timely Eligible Claims set forth in Exhibit E to the Walter Declaration, the Late But Otherwise Eligible Claims set forth in Exhibit F to the Walter Declaration, and any pending defective Claims that are cured 30 days prior to the Initial Distribution, are adopted;

(b) The Claims Administrator's administrative recommendations to reject the Rejected Claims as set forth in Exhibit G to the Walter Declaration, including the Disputed Claims discussed in paragraphs 27 to 30 of the Walter Declaration and Exhibit D to the Walter Declaration (except for any pending defective Claims that are cured 30 days prior to the Initial Distribution, which shall be accepted), are adopted;

(c) Upon the Effective Date of the Settlement, A.B. Data is directed to conduct the Initial Distribution of approximately 95% of the Net Settlement Fund, after deducting all payments previously allowed and the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, while maintaining approximately a 5% reserve from the Net Settlement Fund to

address any contingencies that may arise (the "Initial Distribution"). Specifically, as stated in paragraph 41(a) of the Walter Declaration, the Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claim as follows: (1) If an Authorized Claimant's Recognized Claim is less than $10.00, no distribution will be made to that Authorized Claimant; (2) A "Distribution Amount" will be calculated for all other Authorized Claimants, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund; (3) If an Authorized Claimant's Distribution Amount calculates to less than $100.00, the Distribution Amount for that Authorized Claimant shall be set at the lesser of (i) the Authorized Claimant's full Recognized Claim, or (ii) $100.00. These Authorized Claimants shall be referred to as "Paid-in-Full Claimants" and will not be eligible for payment in any subsequent distributions; and (4) After deducting the payments to the Paid-in-Full Claimants, the Distribution Amounts for all remaining Authorized Claimants will be recalculated based on their *pro rata* share of 95% of the remaining balance of the Net Settlement Fund. The remaining 5% of the Net Settlement Fund will be held in reserve (the "Reserve") to address any tax liability and administration-related contingencies that may arise. To the extent the Reserve is not depleted, the remainder will be distributed in the "Second Distribution" described in subparagraph (f) below;

(d) To encourage Authorized Claimants to cash their distribution checks promptly, all distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]." Lead Counsel and A.B. Data are authorized to take appropriate

action to locate and contact any Authorized Claimant whose distribution check is not cashed within said time as detailed in paragraph 41(b) footnote 12 of the Walter Declaration;

(e) Authorized Claimants who do not cash their Initial Distribution checks within the time allotted or on the conditions stated in paragraph 41(b) footnote 12 of the Walter Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all of these stale-dated checks will be available to be distributed to other Authorized Claimants in the Second Distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distribution checks, should such distributions occur, within the time allotted or on the conditions stated in paragraph 41(b) footnote 12 of the Walter Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) After A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, as provided in paragraph 41(b) footnote 12 of the Walter Declaration, but not earlier than six (6) months after the Initial Distribution, A.B. Data will, after consulting with Lead Counsel, conduct the Second Distribution in which any amount remaining in the Net Settlement Fund after the Initial Distribution, including from the Reserve and the funds for all void stale-dated checks and after deducting A.B. Data's fees and expenses incurred in administering the Settlement for which it has not yet been paid (including A.B. Data's estimated costs of conducting the Second Distribution) and the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants (other than Paid-in-Full Claimants) who cashed their Initial Distribution check, and who would receive at least $10.00 from such distribution. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month

intervals until Lead Counsel, in consultation with A.B. Data, determine that further distribution is not cost-effective;

(g) When Lead Counsel, in consultation with A.B. Data, determine that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after January 2, 2021, those Claims will be processed, and any otherwise valid Claims received after January 2, 2021, as well as any earlier-received Claims for which an adjustment was received within the 30 days prior to the Initial Distribution or after the Initial Distribution and resulted in an increased Recognized Claim amount, will be paid in accordance with subparagraph (h) below. If any funds remain in the Net Settlement Fund after payment of these late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be contributed to the National Consumer Law Center; and

(h) No new Claims may be accepted after January 2, 2021, and no further adjustments to Claims received on or before January 2, 2021, that would result in an increased Recognized Claim amount may be made for any reason within the 30 days prior to the Initial Distribution or after the Initial Distribution, subject to the following exception. If Claims are received or modified that would have been eligible for payment or additional payment under the Court-approved Plan of Allocation if timely received, then, at the time that Lead Counsel, in consultation with A.B. Data, determine a redistribution is not cost-effective as provided in subparagraph (g) above, and after payment of any unpaid fees or expenses incurred in connection with administering the Net Settlement Fund and after

deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, these Claimants, at the discretion of Lead Counsel, may be paid their distribution amounts or additional distribution amounts on a *pro rata* basis that would bring them into parity with other Authorized Claimants who have cashed all their prior distribution checks to the extent possible.

4. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Lead Plaintiffs, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants.

5. A.B. Data's fees and expenses incurred in connection with providing notice and the administration of the Settlement and estimated to be incurred in connection with the Initial Distribution of the Net Settlement Fund, as stated in the invoices attached as Exhibit H to the Walter Declaration, are approved. Lead Counsel are directed to pay out of the Settlement Fund the outstanding balance of $3,527,228.73, plus accrued interest at the same rate as earned by the Settlement Fund, to A.B. Data, and its estimated fees and expenses for work to be performed on behalf of the Class in connection with the Initial Distribution in the amount of $113,997.46.

6. Unless otherwise ordered by the Court, A.B. Data may destroy the paper copies of the Claims and all supporting documentation one (1) year after the Second Distribution, and one (1) year after all funds have been distributed A.B. Data may destroy electronic copies of the same.

7. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED this 1st day of June 2021.

_____
~~Chief~~ Judge Colleen McMahon